UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHARDA PROPERTIES, LLC and DAVID IASCONE<br><br>*Plaintiffs,*<br><br>vs.<br><br>TOWN OF JOHNSTON, ZONING BOARD OF REVIEW OF THE TOWN OF JOHNSTON; ANTHONY PILOZZI, Alias; PLANNING BOARD OF THE TOWN OF JOHNSTON; WILLIAM RICCHIO, Alias; ERNEST F. PITOCHELLI, Alias; JOSEPH A. WELLS, Alias; GEORGE CORRENTE, Alias; JEANNE M. TRACEY-McAREAVEY, Alias; and JOHN Doe, Alias;<br><br>*Defendants.* | C.A. No. 06-117 ML |

**ANSWER OF DEFENDANTS, TOWN OF JOHNSTON, ZONING BOARD OF REVIEW OF THE TOWN OF JOHNSTON, ANTHONY PILOZZI, PLANNING BOARD OF THE TOWN OF JOHNSTON, WILLIAM RICCHIO, ERNEST F. PITOCHELLI, JOSEPH A. WELLS, GEORGE CORRENTE AND JEANNE M. TRACEY-MCAREAVEY**

Now come defendants, the Town of Johnston, Zoning Board of Review of the Town of Johnston, Anthony Pilozzi, Planning Board of the Town of Johnston, William Ricchio, Ernest F. Pitochelli, Joseph Wells, George Corrente and Jeanne M. Tracey-McAreavey and hereby answer plaintiffs' complaint as follows:

1. These defendants admit the allegations contained in paragraphs 1 and 2 of that portion of the plaintiffs' complaint entitled "parties plaintiff".

2. These defendants admit the allegations contained in paragraphs 3, 4 and 6 of that portion of the plaintiffs' complaint entitled "parties defendant".

3. These defendants admit that Anthony Pilozzi was the Chairman of the Zoning Board but deny that he was a policy or decision maker within the context of municipal liability as set forth in paragraph 5.

4. These defendants admit that William Ricchio was Chairman of the Planning Board but deny that he was a policy or decision maker within the context of municipal liability as set forth in paragraph 7.

5. These defendants admit that Ernest F. Pitochelli was a member of the Johnston Town Council but deny that he was a policy or decision maker within the context of municipal liability as set forth in paragraph 8.

6. These defendants admit that Joseph A. Wells was a member of the Johnston Town Council but deny that he was a policy or decision maker within the context of municipal liability as set forth in paragraph 9.

7. These defendants admit that George Corrente was the Building Operation Director but deny that he was a policy or decision maker within the context of municipal liability as set forth in paragraph 10.

8. These defendants admit that Jeanne M. Tracey-McAreavey was the Town Planner but deny that she was a policy or decision maker within the context of municipal liability as set forth in paragraph 11.

9. These defendants deny the allegations in paragraph 12.

10. These defendants admit the allegations contained in paragraph 13 of that portion of the plaintiffs' complaint entitled "jurisdiction".

11. These defendants admit that venue is appropriate in this forum but deny the remaining allegations of paragraph 14 in that portion of the plaintiffs' complaint entitled "venue".

12. These defendants make no response but leave plaintiffs to their burden of proof as to paragraphs 15, 16, 17, 18, 19 and 20 of that portion of the plaintiffs' complaint entitled "factual background-plaintiffs".

13. These defendants admit the allegations contained in paragraphs 21, 22, 26, 29, 33 and 35 of that portion of the plaintiffs' complaint entitled "The Games Begin".

14. These defendants deny the allegations contained in paragraphs 25, 27, 28, 30, 31, 32 and 34 of that portion of the plaintiffs' complaint entitled "The Games Begin".

15. These defendants make no response to the allegations contained in paragraphs 23 and 24 and leave plaintiff to his proof of same in that portion of the plaintiffs' complaint entitled "The Games Begin".

16. These defendants make no response to the allegations contained in paragraph 36 and state that the opinion set forth in said paragraph speaks for itself.

17. These defendants admit the allegations contained in paragraphs 37, 39, 45 and 46 of that portion of the plaintiffs' complaint entitled "The Comprehensive Permit Application Cunard".

18. These defendants deny the allegations contained in paragraphs 38, 42, 43, 44, 47, 48 and 50 of that portion of the plaintiffs' complaint entitled "The Comprehensive Permit Application Cunard".

19. These defendants make no response to the allegations contained in paragraphs 40 and 49 and leave plaintiffs to their proof of same in that portion of the plaintiffs' complaint entitled "The Comprehensive Permit Application Cunard".

20. These defendants admit the allegations contained in paragraphs 51, 52, 53 and 55 of that portion of the plaintiffs' complaint entitled "Charda Seeks Writ of Mandamus".

21. These defendants deny the allegations contained in paragraph 54 of that portion of the plaintiffs' complaint entitled "Charda Seeks Writ of Mandamus".

22. These defendants admit the allegations contained in paragraph 57 in that portion of the plaintiffs' complaint entitled "That's Johnston".

23. These defendants deny the allegations contained in paragraphs 58, 59, 62, 64 and 66 of that portion of the plaintiffs' complaint entitled "That's Johnston".

24. These defendants make no response to the allegations contained in paragraph 56 and leave plaintiffs to their proof of same in that portion of the plaintiffs' complaint entitled "That's Johnston".

25. These defendants make no response to the allegations contained in paragraph 60 and indicate the certified transcript speaks for itself in that portion of the plaintiffs' complaint entitled "That's Johnston".

26. These defendants deny the allegations contained in paragraphs 61 and 65 as to the context in which the allegations are stated in that portion of the plaintiffs' complaint entitled "That's Johnston".

27. These defendants make no response to the allegations contained in paragraphs 67, 68, 69, 70, 72 and 73 of that portion of the plaintiffs' complaint entitled "An Object of Scorn".

28. These defendants deny the allegations contained in paragraphs 71 and 74 of that portion of the plaintiffs' complaint entitled "An Object of Scorn".

29. These defendants make no response to the allegations contained in paragraph 75 of that portion of the plaintiffs' complaint entitled "Evidence of Disparate Treatment and Animosity Grows".

30. These defendants make no response to the allegations contained in paragraphs 76, 77, 78 and 79 and state that said affidavit speaks for itself in that portion of the plaintiffs' complaint entitled "Evidence of Disparate Treatment and Animosity Grows".

31. These defendants admit the allegations contained in paragraphs 80 and 82 of that portion of the plaintiffs' complaint entitled "Superior Court Grants Mandamus".

32. These defendants make no response to the allegations contained in paragraph 81 and state that the transcript as set forth in paragraph 81 speaks for itself in that portion of the plaintiffs' complaint entitled "Superior Court Grants Mandamus".

33. These defendants deny the allegations contained in paragraph 83 of that portion of the plaintiffs' complaint entitled "But Damages and Violation of Plaintiffs' Rights Continue".

34. These defendants contain its same responses to the proceeding paragraphs that are restated and incorporated in paragraph 84 of that portion of the plaintiffs' complaint entitled "But Damages and Violation of Plaintiffs' Rights Continue".

35. These defendants deny the allegations contained in paragraphs 85, 86, 87, 88, 89, 90, 91 and 92 of Count 1 of the plaintiffs' complaint.

36. These defendants deny the allegations contained in paragraphs 93, 94, 95, 96, 97, 98, 99 and 100 of Count 2 of the plaintiffs' complaint.

37. These defendants deny the allegations contained in paragraphs 103, 104, 105, 106, 107 and 108 of Count 3 of the plaintiffs' complaint.

38. These defendants make no response to the allegations contained in paragraphs 101 and 102 of Count 3 of the plaintiffs' complaint and state that the statute, 42 U.S.C. 1985 speaks for itself.

39. These defendants incorporate the same responses to the proceeding paragraphs for their answer to paragraph 109 in Count 4 of the plaintiffs' complaint.

40. These defendants deny the allegations contained in paragraphs 110, 111, 112, 113, 114 and 115 of Count 4 of the plaintiffs' complaint.

41. These defendants deny the allegations contained in paragraphs 119, 120, 121, 122 and 123 of Count 5 of the plaintiffs' complaint.

42. These defendants make no response to the allegations contained in paragraphs 116, 117 and 118 and state that the statutes set forth in those paragraphs speak for themselves in Count 5 of the plaintiffs' complaint.

43. These defendants admit the allegations contained in paragraph 124 of Count 6 of the plaintiffs' complaint.

44. These defendants deny the allegations contained in paragraphs 125, 126 and 127 of Count 6 of the plaintiffs' complaint.

45. These defendants make no response to the allegations contained in paragraph 128 of Count 7 of the plaintiffs' complaint and leave plaintiffs to their proof of same.

46. These defendants deny the allegations contained in paragraphs 129, 130, 131 and 132 of Count 7 of the plaintiffs' complaint.

47. These defendants deny all of the demands for relief set forth in the complaint.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

These defendants plead absolute and qualified immunity as a bar to the within complaint.

SECOND AFFIRMATIVE DEFENSE

These defendants plead all forms of statutory and common law immunity as a bar to the within complaint.

THIRD AFFIRMATIVE DEFENSE

These defendants plead judicial immunity as a bar to the within complaint.

FOURTH AFFIRMATIVE DEFENSE

These defendants plead legislative immunity as a bar to the within complaint.

FIFTH AFFIRMATIVE DEFENSE

These defendants plead all immunity extending from or relating to the speech in debate clause.

SIXTH AFFIRMATIVE DEFENSE

These defendants plead standing as a bar to the within complaint.

SEVENTH AFFIRMATIVE DEFENSE

These defendants plead ripeness as a bar to the within complaint.

**These Defendants demand trial by jury.**

Defendants,
By their attorney,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within Answer was mailed, postage prepaid, on this 28th day of March 2006, to:

John B. Reilly (#1811)
John Reilly & Associates
Suite 330-Summit West
300 Centerville Road
Warwick, RI 02886
(401) 739-1800
(Fax) 738-0258