UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHARDA PROPERTIES, LLC
and DAVID IASCONE
Plaintiffs

v. **C.A. No.: 06- 117 ML**

TOWN OF JOHNSTON;
ZONING BOARD OF REVIEW
OF THE TOWN OF JOHNSTON;
ANTHONY PILOZZI, Alias;
PLANNING BOARD OF THE
TOWN OF JOHNSTON;
WILLIAM RICCHIO, Alias;
ERNEST F. PITOCHELLI, Alias;
JOSEPH A. WELLS, Alias;
GEORGE CORRENTE, Alias;
JEANNE M. TRACEY-
McAREAVEY, Alias;
and JOHN DOE, Alias;
Defendants

**FIRST SET OF INTERROGATORIES OF PLAINTIFF, DAVID IASCONE, ADDRESSED TO DEFENDANT, TOWN OF JOHNSTON**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("FRCP"), plaintiff, David Iascone, hereby propounds the following first set of interrogatories to the defendant, Town of Johnston, to be answered within the time provided by the FRCP.

## I. INSTRUCTIONS

A. Scope of Discovery (Location and Custody of Documents and Information). These interrogatories are intended and directed to cover all information in your possession, custody, control or in the possession of your Mayor, Town Council, Boards, Departments, employees, agents, servants, representatives, attorneys, or other persons directly or indirectly employed or retained by you or anyone else acting on your behalf or otherwise subject to your control.

B. Document No Longer in Possession. If any document requested is no longer in your possession, custody or control, state:

1. what was done with the document;
2. the author of the document;
3. a description of the document and its contents;
4. the identity and address of the current custodian of the document;
5. the person who made the decision to transfer or dispose of the document; and
6. the reasons for, and the date of, the transfer or disposal.

C. Lack of Information. If you currently lack information to answer any interrogatory completely, please identify the responsive information currently available, the reason why it is unavailable, and any efforts that you intend to make to secure the information.

D. Scope of Discovery (Relevant Time Period). Unless otherwise indicated, these interrogatories apply to the time period beginning January 1, 2000 and continuing to the date of the trial of this action.

E. Supplemental Responses. These interrogatories are continuing; supplemental answers must be filed consistent with the FRCP between the date these interrogatories are answered and the trial of this action.

F. Document Production in Lieu of Written Response. Whenever a full and complete answer to any interrogatory or part of an interrogatory is contained in a business record or document(s), the document(s), if properly identified as answering a specific numbered interrogatory or part of an interrogatory, may be supplied in place of a written answer provided that the specific sections or pages from the document(s) that are responsive to the interrogatory are identified.

G. Estimates. Interrogatories calling for numerical or chronological information shall be deemed, to the extent that precise figures or dates are not known, to call for estimates. In each instance that an estimate is given, it should be identified as such together with the source of information underlying the estimate.

H. Privilege as Applied to Interrogatory Response. Should you believe that any information requested by any of the following interrogatories is privileged, describe the subject matter of such information, state the privilege asserted, and state the facts giving rise to such privilege.

I. Number. The use of the singular form of any word includes the plural and vice versa.

J. "And" and "or". The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

K. All/each. The terms "all" and "each" shall both be construed as all and each.

L. For each interrogatory, identify and/or indicate:

1. each person other than you who provided information upon which the response is based;

2. whether that person has personal knowledge of the facts contained in the response;

3. if the response to subparagraph (2) above is negative, identify the source of such person's information;

4. any documents upon which you relied or to which you had to refer to in answering or attempting to answer the interrogatory.

M. Each interrogatory is intended to, and does, request that each and every, all and singular, the particulars and parts thereof, be answered with the same force and effect as if each part and particular were the subject of and were asked by a separate interrogatory.

## II. DEFINITIONS

Unless otherwise indicated, the following definitions shall apply to these discovery requests:

A. "Charda" and/or any reference to "Plaintiffs" refers to plaintiff, Charda Properties, LLC, its members, agents, servants, employees, attorneys and/or anyone else acting in or on its behalf.

B "Iascone" and/or any reference to "Plaintiffs" refers to plaintiff, David Iascone, his agents, servants, employees and anyone else acting in or on his behalf.

C. "You", "Your", or "the Town" refers to the defendant, Town of Johnston its Mayor, Town Council, Boards, Departments, agents, servants, employees, attorneys, and all other persons acting in or on its behalf.

D. "Pilozzi" shall mean defendant, Anthony Pilozzi, his agents, servants, representatives, agents, and any other person acting in or on his behalf.

E. "Ricchio" shall mean defendant, William Ricchio, his agents, servants, representatives, agents, and any other person acting in or on his behalf.

F. "Pitochelli" shall mean defendant, Ernest F. Pitochelli, his agents, servants, representatives, agents, and any other person acting in or on his behalf.

G. "Wells" shall mean defendant, Joseph A. Wells, his agents, servants, representatives, agents, and any other person acting in or on his behalf.

H. "Corrente" shall mean defendant, George Corrente, his agents, servants, representatives, agents, and any other person acting in or on his behalf.

I. "McAreavey" shall mean defendant, Jeanne M. Tracey-McAreavey, her agents, servants, representatives, agents, and any other person acting in or on her behalf.

J. The terms "anyone acting in your behalf" includes, but is not limited to, your representatives, attorneys, investigators, whether they be hired or appointed by you, your attorneys or their representatives, or a Court of law.

K. The "complaint" will refer to the original Verified Complaint filed by the Plaintiffs in this action as well as any amendments or corrections to such Verified Complaint.

L. Reference to "your answer" will be deemed to include the original answer you have filed in this action but shall also describe all amended or corrected answers to the Complaint(s) (however designated) which you make during the course of this litigation.

M. The term "Employees" means (to whatever extent this may be necessary or required to render any answer(s) complete) any or all past employees of the Town and any other persons acting in or on their behalf.

N. Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

O. Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

P. Identify (With Respect to Persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

Q. Identify (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the

(a) type of document;

(b) general subject matter;

(c) date of the document; and

(d) author(s), addressee(s), and recipient(s).

R. Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

S. Person. The term "person" is defined as any natural person or any business, legal, or government entity or association.

T. Concerning. The term "concerning" means referring to, describing, evidencing, or constituting.

U. State the Basis. When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall:

(a) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b) identify each and every communication that forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(d) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

## III. INTERROGATORIES

Accordingly, the following questions are addressed to you with reference to your answer and defenses (but without other limitation by virtue of the foregoing definitions and instructions):

1. With respect to whomever is answering these questions on the Town's behalf, state your exact and complete name, giving any aliases, or any other name(s), by which you are or have ever been known, your date of birth, occupation, business address(es), and your capacity or position with the Town.

2. List the name and address of each person known or believed by you to have knowledge of or been a witness to any of the matters described in the complaint and/or your answer and (as soon as they have been identified) any other person you intend to call as a witness at any trial on the merits of this action.

3. State whether you have consulted, engaged or otherwise obtained the assistance of any expert with respect to any of the issues in this case whom you intend to have testify on your behalf; and if so, as to each such expert, state his or her:

(a) name, home address, business address and occupation;

(b) educational background including schools, colleges, universities attended, and as to each, the certificate or degree thereof;

(c) employment history, giving the name(s) of employers, the nature of employment and the periods, by encompassing dates, of such employment;

(d) field of expertise and the description of the license or licenses with respect thereto, including the period of the license and the name of the issuing officer or agency;

(e) name and address of each professional society or organization of which he/she is a member;

(f) a description of each writing, if any, offered by such expert, giving the title, date and place of publication;

(g) the subject matter upon which this person is expected to testify, to include the substance of the facts, opinion and/or conclusions to which the person is expected to testify and the summary of the grounds for each opinion; and

(h) the name and address of the person having present custody or control of each such report.

4. State the name, last known address and last known telephone number of each of your Department Heads and/or supervisory personnel for the period beginning January 1, 2000 and continuing to the time that this action was commenced.

5. Identify all persons having complained to you about Pilozzi , his conduct, actions or inactions (including specifically, but not limited to, those related in any way to his employment or any elected or appointed position he has held with the Town) at any time, give the date(s), name of each complainant, substance of each such complaint, whether any disciplinary action resulted from any such complaint, the final disposition of any such disciplinary action, and identify all documents related to each such complaint.

6. Identify all persons having complained to you about Ricchio, his conduct, actions or inactions (including specifically, but not limited to, those related in any way to his employment or any elected or appointed position he has held with the Town) at any time, give the date(s), name of each complainant, substance of each such complaint, whether any disciplinary action resulted from any such complaint, the final disposition of any such disciplinary action, and identify all documents related to each such complaint.

7. Identify all persons having complained to you about Pitochelli, his conduct, actions or inactions (including specifically, but not limited to, those related in any way to his employment or any elected or appointed position he has held with the Town) at any time, give the date(s), name of each complainant, substance of each such complaint, whether any disciplinary action resulted from any such complaint, the final disposition of any such disciplinary action, and identify all documents related to each such complaint.

8. Identify all persons having complained to you about Wells, his conduct, actions or inactions (including specifically, but not limited to, those related in any way to his employment or any elected or appointed position he has held with the Town) at any time, give the date(s), name of each complainant, substance of each such complaint, whether any disciplinary action resulted from any such complaint, the final disposition of any such disciplinary action, and identify all documents related to each such complaint.

9. Identify all persons having complained to you about Corrente, his conduct, actions or inactions (including specifically, but not limited to, those related in any way to his employment, independent contractor or "consultant" status, or any elected or appointed position he has held with the Town) at any time, give the date(s), name of each complainant, substance of each such complaint, whether any disciplinary action resulted from any such complaint, the final disposition of any such disciplinary action, and identify all documents related to each such complaint.

10. Identify all persons having complained to you about McAreavey, her conduct, actions or inactions (including specifically, but not limited to, those related in any way to her employment or any elected or appointed position she has held with the Town) at any time, give the date(s), name of each complainant, substance of each such complaint, whether any disciplinary action resulted from any such complaint, the final disposition of any such disciplinary action, and identify all documents related to each such complaint.

11. Identify all persons having complained to you about Iascone, his conduct, actions or inactions (including specifically, but not limited to, those related in any way to any work that he did for or in the Town under his individual name or in association with a corporation known as "DICON") at any time, give the date(s), name of each complainant, substance of each such complaint, whether any action was taken against him or DICON as a result of any such complaint, the final disposition of any such action against him or DICON, and identify all documents related to each such complaint.

12. Identify all persons having complained to you about Steven Macchioni, his conduct, actions or inactions (including specifically, but not limited to, those related in any way to his employment or any elected or appointed position he has held with the Town and/or his alleged relationship to either of the Plaintiffs) at any time, give the date(s), name of each complainant, substance of each such complaint, whether any disciplinary action resulted from any such complaint, the final disposition of any such disciplinary action, and identify all documents related to each such complaint.

13. If, to your knowledge, any of the other parties, persons or witnesses (including expert witnesses) identified in these responses to interrogatories has or have ever been convicted or pleaded guilty to any criminal offense, give the date of each such plea or conviction, the name and address of each court or other tribunal (including military and/or foreign) before which such matter was heard, and state the final disposition/sentence in each such matter.

14. Identify any photographs, pictures, video films, drawings, charts, diagrams, or other visual representations showing any portions of or tangible items and/or places described in the Complaint and/or your Answer to the Complaint.

15. Identify all tape recordings or other sound or visual recordings of conversations between you (as defined above) or any representative of yours and Iascone or any representative of Plaintiffs (as defined above) concerning the events described in the Complaint or your Answer.

16. Describe, in full and complete detail, any meeting that has occurred between you, your representatives, and either or both of the Plaintiffs, concerning the matters described in the Complaint. Include in your response the following information:

a. the date and place of each such meeting;

b. identify each and every individual who made any statements or comments at the meeting;

c. give the substance of each and every comment or statement made by each person;

d. give the substance of all issues agreed to by the parties;

e. describe the substance of all issues of disagreement between the parties;

f. indicate the outcome of the meeting.

17. State whether at any time before this litigation was commenced you, or any representative of yours, ever investigated or caused an investigation to be conducted by any person, firm or corporation, concerning the complaints made by, developments proposed, political activities, identity, background, experience in residential housing development and/or of any other nature concerning the Plaintiffs (as defined above) and, if so, state the name and address of each investigator or investigating entity, the date and time each such investigation was initiated, describe in detail what information, if any, was conveyed to each such investigator or investigating entity, and identify any and all documents in your possession, custody or control relating in any manner to such investigation and its results (if any).

18. Identify all communications you have had with the Providence Water Board or Authority concerning the development projects described in the Complaint.

19. Identify all communications you have had with any other person, firm, corporation or entity concerning the eligibility of the Plaintiffs to proceed with any development projects described in the Complaint, that occurred prior to the filing of the Complaint, give the identity of all persons having taken such action on your behalf, and summarize the information that you claim to have learned as a result of each such communication.

20. Identify all inquiries, investigations, and/or communications you have had with any other person, firm, corporation or entity concerning the ability of the Plaintiffs and/or any engineer or consultant engaged by or acting on behalf of the Plaintiffs to undertake and/or complete any development projects described in the Complaint, that occurred prior to the filing of the Complaint, give the identity of all persons having taken such action on your behalf, and summarize the information that you claim to have learned as a result of each such inquiry, investigation and/or communication.

21. Describe the duties, role, responsibilities and authority vested in Corrente during to make decisions, and/or establish policy regarding any and all dealings of the Town and of any Departments of Johnston Town government with persons or entities proposing commercial and/or multi-family development in Johnston. In responding, please identify all rules, ordinances, regulations, orders, acts, resolves, or other documents pertaining to such duties, role, authority, and/or responsibilities and identify all persons having had responsibility for supervising his work and/or to whom he was required to report and take direction.

22. Identify all abutters, voters, citizens, taxpayers, employees, appointed officials, elected officials or other individuals who have complained to you about any of the proposed developments described in Plaintiffs' complaint, giving the date(s) of each such complaint, the identity of each such complainant, the substance of each such complaint, and identify all documents related to any such complaint.

23. State whether you assert all of your affirmative defenses on behalf of each and <u>every</u> defendant whose individual name appears in the caption of this case, and if not, identify which affirmative defenses have <u>not</u> been asserted on behalf of any such individually described or named defendant.

22. State the basis of your affirmative defense that either or both of the Plaintiffs "lack standing" to assert this action.

David Iascone
by his attorney,

John B. Reilly, Esq. (#1811)
John Reilly & Associates
Summit West - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 739-1800
FAX: (401) 738-0258

CERTIFICATION

I hereby certify that a copy of the within document production requests have been forwarded to Marc DeSisto, Esq., DESISTO LAW, 211 Angell Street, P.O. Box 2563, Providence, Rhode Island 02906, this 15th day of April, 2006.