UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHARDA PROPERTIES, LLC
and DAVID IASCONE
Plaintiffs

v. **C.A. No.: 06- 117 ML**

TOWN OF JOHNSTON;
ZONING BOARD OF REVIEW
OF THE TOWN OF JOHNSTON;
ANTHONY PILOZZI, Alias;
PLANNING BOARD OF THE
TOWN OF JOHNSTON;
WILLIAM RICCHIO, Alias;
ERNEST F. PITOCHELLI, Alias;
JOSEPH A. WELLS, Alias;
GEORGE CORRENTE, Alias;
JEANNE M. TRACEY-
McAREAVEY, Alias;
and JOHN DOE, Alias;
Defendants

**REQUEST FOR DOCUMENT PRODUCTION OF PLAINTIFF, DAVID IASCONE ADDRESSED TO DEFENDANTS**

Plaintiff, David Iascone, requests pursuant to Rule 34 of the Federal Rules of Civil Procedure ("FRC"') that defendants produce, for copying and inspection, the documents described in Section III hereof within thirty (30) days at the offices of John Reilly & Associates, Suite 330 – Summit West, 300 Centerville Road, Warwick, Rhode Island 02886

## I. INSTRUCTIONS

1. The documents and/or items specified below are to be produced, for copying and inspection, at the offices of John Reilly & Associates, Suite 330 – Summit West, 300 Centerville Road, Warwick, Rhode Island 02886, within thirty (30) days of the date of service hereof, set forth and certified below. Compliance with the documentary portions of this request may be made by forwarding true copies of such documents, by mail or courier, within the time specified.

2. Respond to each request for production of documents in full. As to any request that cannot be responded to completely after reasonable efforts are made to secure the requested documents, so state, giving the reason why a complete response cannot be made at this time, and provide as many documents responsive to the request as is possible.

3. As to any requested documents to which any claim of privilege is made or to which any claim of protection from discovery is made under Rule 26(b), identify the privilege (or Rule) upon which you reply and set forth the facts upon which such claim is based in sufficient detail to enable a judgment to be formed as to the basis and validity of the claimed privilege.

8. If any document called for by this Request has been lost, destroyed, transferred beyond your possession, custody or control, then: (1) if the document was lost, state the identity of the person or entity who last had possession of the document and the date on which the document was lost; (2) if the document was destroyed, state the identity of the person by whom it was destroyed and the identity of the person authorizing the destruction, and state the time, place, method and reason for its destruction; (3) if the document was transferred, state the identity of the persons by whom and to whom it was transferred and the identity of the person authorizing the transfer, and state the time, place, method and reason for its transfer; and (4) as to each lost, destroyed or transferred document, state its date of preparation, its author(s), its

addressee(s), the names of all to whom it was distributed, shown or explained, its title, its length and its substance.

## II. DEFINITIONS

The following definitions are furnished and incorporated, by reference, when the terms hereby defined are used in the separate and specific requests that follow the definitions.

8. "Charda" refers to plaintiff, Charda Properties, LLC, it agents, representatives, employees, members, and/or any other person acting in or on his behalf.

B. "Iascone" refers to plaintiff, David Iascone, his agents, servants, representatives, employees, the business activities he pursued through the DICON corporation, and any other person acting in or on his behalf.

C. "You" or "your" refers to the defendants individually and collectively, as well as their respective and/or collective agents, representatives and any other person acting in or on their behalf.

D. "The Town" means the Town of Johnston, Rhode Island, as well as its agents, representatives, attorneys, employees, Town Council members, Boards (including specifically the Zoning and Planning Boards), Divisions and any other persons acting in or on its or their behalf.

E. "Pilozzi" shall mean defendant, Anthony Pilozzi, his agents, servants, representatives, agents, and any other person acting in or on his behalf.

F. "Ricchio" shall mean defendant, William Ricchio, his agents, servants, representatives, agents, and any other person acting in or on his behalf.

G. "Pitochelli" shall mean defendant, Ernest F. Pitochelli, his agents, servants, representatives, agents, and any other person acting in or on his behalf.

H. "Wells" shall mean defendant, Joseph A. Wells, his agents, servants, representatives, agents, and any other person acting in or on his behalf.

I. "Corrente" shall mean defendant, George Corrente, his agents, servants, representatives, agents, and any other person acting in or on his behalf.

J. "McAreavey" shall mean defendant, Jeanne M. Tracey-McAreavey, her agents, servants, representatives, agents, and any other person acting in or on her behalf.

K. "Relevant Time Period" will refer (unless otherwise specifically noted below) to all dates and periods of time referenced or set forth in the plaintiffs' complaint or any amendments to such complaint and shall be deemed to be continuing to the time of any trial on the merits of this action.

L. The term "your attorneys" means in includes all attorneys, lawyers, law firms, legal practitioners, paralegals, law clerks, and other persons having given you legal advice or representation in any way related to or concerning the matters described in the plaintiffs' complaint, any amendments to that complaint and your answer(s) to the same.

M. The word "and" and the word "or" shall, where context permits, be deemed to include the plural, and the words used in the plural shall, where the context permits, be deemed to include the singular. The masculine gender shall, where the context permits, be deemed to include the feminine or neuter genders.

## III. DOCUMENTS OR ITEMS TO BE PRODUCED

Accordingly (without limitation by the foregoing instructions and definitions), the following are to be produced:

1. Copies of all professional licenses and/or certifications held by Pilozzi, Ricchio, Pitochelli, Wells, Corrente and/or McAreavey during the relevant time period.

2. Copies of all applications for employment or to be engaged as a "consultant" (including, but not limited to resumes and supporting letters of recommendation) Corrente submitted to the Town in connection with any and all positions he has held or functions that he has performed for the Town at any time.

3. Copies of any employment or "consultant" evaluation reports, written complaints, summaries of complaints, claims against or relating to not properly performing duties or work, complaints of abuse or harassment of others and disciplinary warnings or actions of any type taken against Corrente in any way relating to his "consulting" or other activities allegedly performed on behalf of the Town.

4. All records relating to and/or evidencing payments, gifts or gratuities of any type received by Corrente from vendors, contractors, or other persons, firms or corporations which relate in any way to the work they have sought from or done for or in the Town during the relevant time period.

5. All records of Executive Session meetings at which Charda and/or Iascone have been discussed up to the time of the filing of this complaint.

6. All records requested in writing on March 6, 2006, as to which its addressee, McAreavey has not replied (in apparent contravention of section 38-2-3 of the General Laws of Rhode Island, 1956, as amended), namely, complete copies of the following transcripts of minutes of meetings of the Town of Johnston Planning Board for the following periods of time:

8. January through December, 2002
9. January through December, 2003
10. January through April, 2004

7. All documents or records demonstrating, comprising and/or evidencing the transmittal of records, plans, notices, or other communications to Charda during the relevant time period.

8. All documents or records demonstrating, comprising and/or evidencing the transmittal of records, plans, notices, or other communications to Iascone during the relevant time period.

9. All records, reports, investigative documents, photographs, statements, correspondence or other documentation concerning any complaints against Iascone in connection with any work Iascone (including his corporation, DICON) did for or in the Town at any time.

10. All documents, complaints, pleadings, responses and/or other records of proceedings involving you or as to which you are either a respondent or defendant before any court or other tribunal in the State of Rhode Island involving development projects consisting of or proposing low and moderate income housing and/or other multi-family residential condominium projects from January 1, 1995 through and including the relevant time period (defined above).

11. Any photographs, drawings, surveys, charts, diagrams, or other compilations relating to the matters described in the complaint that were not prepared for use in connection with this litigation (i.e., that were taken or prepared before the filing of plaintiffs' complaint in this action).

12. All notes, reports, records and/or memoranda you have given and/or prepared for the Town prior to the time this action was filed relating to:

(a) Charda;
(b) Iascone;
(c) Stephen Macchioni;
(d) H. Charles Tapalian;
(e) David Tapalian;
(f) Kamal Hingorany;
(g) Janet Stearns;
(h) Narragansett Engineering; and/or
(I ) any person known or believed by you to be an agent, employee, representative, or to be acting in or on behalf of any or all of the foregoing persons.

13. All written or other documentary evidence that relates to the issue of the damages claimed by either or both of the plaintiffs.

14. Any documents supporting any your affirmative defenses (excepting the work product of defense counsel and/or records comprising or consisting of attorney-client privileged communications with current defense counsel pertaining to such affirmative defenses). (Please specify to which affirmative defense each such document relates.)

15. The curriculum vitae or resume of each person you expect to call as an expert witness at any trial on the merits of this action.

16. Copies of any and all reports of expert witnesses whom you expect to testify at any trial on the merits of this action.

17. As soon as they have been identified (but no less than the time described by the Federal Rules of Civil Procedure, its local analog, and/or any other pretrial order of this Court), all photographs, drawings, surveys, charts, diagrams, compilations, computer files, logs, tangible objects or instrumentalities which you intend to offer as an exhibit, chalk, or other demonstrative aid at any trial on the merits of this action.

The foregoing requests include all after-acquired documents of the type made reference to in the foregoing individual subparts. You are therefore requested to timely update these responses by forwarding copies of any such newly acquired material to plaintiffs' counsel and to notify plaintiffs' counsel of the existence of the same.

David Iascone,
by his attorney,

John B. Reilly, Esq. (#1811)
John Reilly & Associates
Summit West - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 739-1800
FAX: (401) 738-0258

Certification

I hereby certify that a copy of the within document production requests have been forwarded to Marc DeSisto, Esq., DESISTO LAW, 211 Angell Street, P.O. Box 2563, Providence, Rhode Island 02906, this 6th day of April, 2006.