UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHARDA PROPERTIES, LLC
and DAVID IASCONE
Plaintiffs

v. **C.A. No.: 06- 117 ML**

TOWN OF JOHNSTON;
ZONING BOARD OF REVIEW
OF THE TOWN OF JOHNSTON;
ANTHONY PILOZZI, Alias;
PLANNING BOARD OF THE
TOWN OF JOHNSTON;
WILLIAM RICCHIO, Alias;
ERNEST F. PITOCHELLI, Alias;
JOSEPH A. WELLS, Alias;
GEORGE CORRENTE, Alias;
JEANNE M. TRACEY-
McAREAVEY, Alias;
and JOHN DOE, Alias;
Defendants

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANT, ERNEST PITOCHELLI**

Plaintiffs, request pursuant to Rule 34 of the Federal Rules of Civil Procedure ("FRCP'") that defendants produce, for copying and inspection, the documents described in Section III hereof within thirty (30) days at the offices of John Reilly & Associates, Suite 330 – Summit West, 300 Centerville Road, Warwick, Rhode Island 02886.

## I. INSTRUCTIONS

1. The documents and/or items specified below are to be produced, for copying and inspection, at the offices of John Reilly & Associates, Suite 330 – Summit West, 300 Centerville Road, Warwick, Rhode Island 02886, within thirty (30) days of the date of service hereof, set forth and certified below. Compliance with the documentary portions of this request may be made by forwarding true copies of such documents, by mail or courier, within the time specified.

2. Respond to each request for production of documents in full. As to any request that cannot be responded to completely after reasonable efforts are made to secure the requested documents, so state, giving the reason why a complete response cannot be made at this time, and provide as many documents responsive to the request as is possible.

3. As to any requested documents to which any claim of privilege is made or to which any claim of protection from discovery is made under Rule 26(b), identify the privilege (or Rule) upon which you reply and set forth the facts upon which such claim is based in sufficient detail to enable a judgment to be formed as to the basis and validity of the claimed privilege.

4. If any document called for by this Request has been lost, destroyed, transferred beyond your possession, custody or control, then: (1) if the document was lost, state the identity of the person or entity who last had possession of the document and the date on which the document was lost; (2) if the document was destroyed, state the identity of the person by whom it was destroyed and the identity of the person authorizing the destruction, and state the time, place, method and reason for its destruction; (3) if the document was transferred, state the identity of the persons by whom and to whom it was transferred and the identity of the person authorizing the transfer, and state the time, place, method and reason for its transfer; and (4) as to each lost, destroyed or transferred document, state its date of preparation, its author(s), its addressee(s), the names of all to whom it was distributed, shown or explained, its title, its length and its substance.

## II. DEFINITIONS

The following definitions are furnished and incorporated, by reference, when the terms hereby defined are used in the separate and specific requests that follow the definitions.

A. "Charda" refers to plaintiff, Charda Properties, LLC, it agents, representatives, employees, members, and/or any other person acting in or on his behalf.

B. "Iascone" refers to plaintiff, David Iascone, his agents, servants, representatives, employees, the business activities he pursued through the DICON corporation, and any other person acting in or on his behalf.

C. "You" or "your" refers to defendant **Ernest Pitochelli**, as well as his respective and/or collective agents, representatives and any other person acting in or on his behalf.

D. "The Town" means the Town of Johnston, Rhode Island, as well as its agents, representatives, attorneys, employees, Town Council members, Boards (including specifically the Zoning and Planning Boards), Divisions and any other persons acting in or on its or their behalf.

E. "Pilozzi" shall mean defendant, Anthony Pilozzi, his agents, servants, representatives, agents, and any other person acting in or on his behalf.

F. "Ricchio" shall mean defendant, William Ricchio, his agents, servants, representatives, agents, and any other person acting in or on his behalf.

G. "Pitochelli" shall mean defendant, Ernest F. Pitochelli, his agents, servants, representatives, agents, and any other person acting in or on his behalf.

H. "Wells" shall mean defendant, Joseph A. Wells, his agents, servants, representatives, agents, and any other person acting in or on his behalf.

I. "Corrente" shall mean defendant, George Corrente, his agents, servants, representatives, agents, and any other person acting in or on his behalf.

J. "McAreavey" shall mean defendant, Jeanne M. Tracey-McAreavey, her agents, servants, representatives, agents, and any other person acting in or on her behalf.

K. "Relevant Time Period" will refer (unless otherwise specifically noted below) to all dates and periods of time referenced or set forth in the plaintiffs' complaint or any amendments to such complaint and shall be deemed to be continuing to the time of any trial on the merits of this action.

L. The term "your attorneys" means in includes all attorneys, lawyers, law firms, legal practitioners, paralegals, law clerks, and other persons having given you legal advice or representation in any way related to or concerning the matters described in the plaintiffs' complaint, any amendments to that complaint and your answer(s) to the same.

M. The word "and" and the word "or" shall, where context permits, be deemed to include the plural, and the words used in the plural shall, where the context permits, be deemed to include the singular. The masculine gender shall, where the context permits, be deemed to include the feminine or neuter genders.

## III. DOCUMENTS OR ITEMS TO BE PRODUCED

Accordingly (without limitation by the foregoing instructions and definitions), the following are to be produced:

1. The "minutes" of a meeting concerning "Rotary Drive" and your co-defendant George Corrente, discussed and described by you during your deposition of December 18, 2006.

2. The tape recording or a copy of the recording from which the aforementioned minutes were derived or which was described by you during your deposition of December 18, 2006.

3. All other records, notes, and/or documentation possessed by you concerning the Rotary Drive to which you referred in your deposition of December 18, 2006, including, but not limited to purported cost overruns.

4. All other records, notes, and/or documentation possessed by you concerning the Highland Avenue drainage problem and project, which you described in your deposition of December 18, 2006.

AND AS IT MAY RELATE TO THE PLAINTIFFS' PROPOSED PROJECT, THEIR ALLEGED CHARACTER, ANIMOSITY TOWARD THE PLAINTIFFS (OR THE TAPALIANS) AND/OR ANY PURPORTED ACTS OF PUBLIC WRONGDOING AND/OR ACTIONS TO SINGLE OUT OR TREAT ANY CONTRACTOR OR DEVELOPER DIFFERENTLY THAN ANY OTHER CONTRACTOR OR DEVELOPER IN JOHNSTON:

5. All other records, notes, and/or documentation possessed by you concerning your co-defendant, George Corrente.

6. All other records, notes, and/or documentation possessed by you concerning your co-defendant, Jeane M. Tracey-McGreavey.

7. All other records, notes, and/or documentation possessed by you concerning your co-defendant, Joseph A. Wells.

8. All other records, notes, and/or documentation possessed by you concerning your co-defendant, William Ricchio.

9. All other records, notes, and/or documentation possessed by you concerning your co-defendant, Anthony Pilozzi.

10. All other records, notes, and/or documentation possessed by you concerning Richard Tamburini.

11. All other records, notes, and/or documentation possessed by you concerning Bernard Salvatore.

12. All other records, notes, and/or documentation possessed by you concerning Marian Moracco.

13. All other records, notes, and/or documentation possessed by you concerning H. Charles Tapalian.

14. All other records, notes, and/or documentation possessed by you concerning DICON Construction.

15. All other records, notes, and/or documentation possessed by you concerning David Iascone.

Plaintiffs,
by their attorney,

*/s/ John B. Reilly*

John B. Reilly, Esq. (#1811)
John Reilly & Associates
Summit West - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 739-1800
FAX: (401) 738-0258

**CERTIFICATION**

It is hereby certified that a copy of the foregoing has been sent, via facsimile and first class mail, postage prepaid, to **Marc DeSisto, Esq.**, DeSisto Law, 211 Angell Street, P.O. Box 2563, Providence, Rhode Island 02906 this _*28th*_ day of December, 2006.

*/s/ John B. Reilly*