# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHARDA PROPERTIES, LLC
and DAVID IASCONE
Plaintiffs

v. **C.A. No.: 06- 117 ML**

TOWN OF JOHNSTON;
ZONING BOARD OF REVIEW
OF THE TOWN OF JOHNSTON;
ANTHONY PILOZZI, Alias;
PLANNING BOARD OF THE
TOWN OF JOHNSTON;
WILLIAM RICCHIO, Alias;
ERNEST F. PITOCHELLI, Alias;
JOSEPH A. WELLS, Alias;
GEORGE CORRENTE, Alias;
JEANNE M. TRACEY-
McAREAVEY, Alias;
and JOHN DOE, Alias;
Defendants

**PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO ALL DEFENDANTS**

Plaintiffs, request pursuant to Rule 34 of the Federal Rules of Civil Procedure ("FRCP") that defendants produce, for copying and inspection, the documents described in Section III hereof within thirty (30) days at the offices of John Reilly & Associates, Suite 330 – Summit West, 300 Centerville Road, Warwick, Rhode Island 02886.

## I. INSTRUCTIONS

1. The documents and/or items specified below are to be produced, for copying and inspection, at the offices of John Reilly & Associates, Suite 330 – Summit West, 300 Centerville Road, Warwick, Rhode Island 02886, within thirty (30) days of the date of service hereof, set forth and certified below. Compliance with the documentary portions of this request may be made by forwarding true copies of such documents, by mail or courier, within the time specified.

2. Respond to each request for production of documents in full. As to any request that cannot be responded to completely after reasonable efforts are made to secure the requested documents, so state, giving the reason why a complete response cannot be made at this time, and provide as many documents responsive to the request as is possible.

3. As to any requested documents to which any claim of privilege is made or to which any claim of protection from discovery is made under Rule 26(b), identify the privilege (or Rule) upon which you reply and set forth the facts upon which such claim is based in sufficient detail to enable a judgment to be formed as to the basis and validity of the claimed privilege.

4. If any document called for by this Request has been lost, destroyed, transferred beyond your possession, custody or control, then: (1) if the document was lost, state the identity of the person or entity who last had possession of the document and the date on which the document was lost; (2) if the document was destroyed, state the identity of the person by whom it was destroyed and the identity of the person authorizing the destruction, and state the time, place, method and reason for its destruction; (3) if the document was transferred, state the identity of the persons by whom and to whom it was transferred and the identity of the person authorizing the transfer, and state the time, place, method and reason for its transfer; and (4) as to each lost, destroyed or transferred document, state its date of preparation, its author(s), its addressee(s), the names of all to whom it was distributed, shown or explained, its title, its length and its substance.

## II. DEFINITIONS

The following definitions are furnished and incorporated, by reference, when the terms hereby defined are used in the separate and specific requests that follow the definitions.

A. "Charda" refers to plaintiff, Charda Properties, LLC, it agents, representatives, employees, members, and/or any other person acting in or on his behalf.

B. "Iascone" refers to plaintiff, David Iascone, his agents, servants, representatives, employees, the business activities he pursued through the DICON corporation, and any other person acting in or on his behalf.

C. "You" or "your" refers to all of the defendants, as well as their respective and/or collective agents, representatives and any other person acting in or on their behalf.

D. "The Town" means the Town of Johnston, Rhode Island, as well as its agents, representatives, attorneys, employees, Town Council members, Boards (including specifically the Zoning and Planning Boards), Divisions and any other persons acting in or on its or their behalf.

E. "Pilozzi" shall mean defendant, Anthony Pilozzi, his agents, servants, representatives, agents, and any other person acting in or on his behalf.

F. "Ricchio" shall mean defendant, William Ricchio, his agents, servants, representatives, agents, and any other person acting in or on his behalf.

G. "Pitochelli" shall mean defendant, Ernest F. Pitochelli, his agents, servants, representatives, agents, and any other person acting in or on his behalf.

H. "Wells" shall mean defendant, Joseph A. Wells, his agents, servants, representatives, agents, and any other person acting in or on his behalf.

I. "Corrente" shall mean defendant, George Corrente, his agents, servants, representatives, agents, and any other person acting in or on his behalf.

J. "McAreavey" shall mean defendant, Jeanne M. Tracey-McAreavey, her agents, servants, representatives, agents, and any other person acting in or on her behalf.

K. "Relevant Time Period" will refer (unless otherwise specifically noted below) to all dates and periods of time referenced or set forth in the plaintiffs' complaint or any amendments to such complaint and shall be deemed to be continuing to the time of any trial on the merits of this action.

L. The term "your attorneys" means in includes all attorneys, lawyers, law firms, legal practitioners, paralegals, law clerks, and other persons having given you legal advice or representation in any way related to or concerning the matters described in the plaintiffs' complaint, any amendments to that complaint and your answer(s) to the same.

M. The word "and" and the word "or" shall, where context permits, be deemed to include the plural, and the words used in the plural shall, where the context permits, be deemed to include the singular. The masculine gender shall, where the context permits, be deemed to include the feminine or neuter genders.

## III. DOCUMENTS OR ITEMS TO BE PRODUCED

Accordingly (without limitation by the foregoing instructions and definitions), the following are to be produced:

1. Electronic e-mail messages concerning the Chardra Application and/or all such messages related to David Iascone and/or DICON Corporation as described by Ms. Jeanne M. Tracey-McAreavey during her deposition of January 4, 2007.

2. A copy of the taped recording of the meeting the Zoning Board of February 26, 2004, as described during the initial portion of the deposition of Anthony Pilozzi.

3. All minutes, notes, memoranda, and/or a copies of any taped recordings relating to or reflecting a meeting of the Zoning Board and/or of "attorneys" that took place two (2) weeks before the meeting of the Zoning Board meeting of February 26, 2004, as is referenced in the minutes of such February 26, 2004 meeting and the testimony of Anthony Pilozzi.

4. A copy of the contract for Emergency Water & Sewer Work between David Iascone and/or the Dicon Corporation on the one hand and the Town of Johnston or any of its subdivisions on the other hand.

5. A complete copy of the application(s) submitted by "Dolban" properties with respect to "Groves" project as described by witnesses Anthony Pilozzi and Jeanne M. Tracey-McAreavey in their testimony and as referenced in the Zoning Board minutes of February 26, 2004.

6. All contracts, consulting agreements, or other agreements to provide services between defendant George Corrente and the Town of Johnston or any subdivisions or departments thereof.

7. Any resignation letters submitted by defendants George Corrente or Jeanne M. Tracey-McAreavey to the Town of Johnston, its attorneys or any other person acting on behalf of the Town of Johnston.

Plaintiffs,
by their attorney,

*/s/ John B. Reilly*

John B. Reilly, Esq. (#1811)
John Reilly & Associates
Summit West - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 739-1800
FAX: (401) 738-0258

CERTIFICATION

It is hereby certified that a copy of the foregoing has been sent, via facsimile and first class mail, postage prepaid, to **Marc DeSisto, Esq.**, DeSisto Law, 211 Angell Street, P.O. Box 2563, Providence, Rhode Island 02906 this _*9th*_ day of January, 2007.

*/s/ John B. Reilly*