UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHARDA PROPERTIES, LLC,
and DAVID IASCONE,
*Plaintiffs,*

v. C.A. No. 06-117 ML

TOWN OF JOHNSTON, et al.,
*Defendants.*

**DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

NOW COME Defendants and, in accordance with Local Rule 56, hereby submits the within Statement of Undisputed Facts in support of their Motion for Summary Judgment:

1. Plaintiff Charda Properties was incorporated on October 9, 2002 and two days later, the plaintiff David Iascone purchased shares in the company.

2. On October 31, 2002, Charda Properties purchased the subject property (Assessor's Plat 55, Lots 24, 64 and 75) ("the property").

3. The plaintiff, Charda Properties originally sought to develop the property for use as high end condominiums. In order to do so, the plaintiff company sought to change the zoning of the property from an R-40 (residential) to a PD (Planned District) classification.

4. Plaintiffs filed their Zoning Ordinance Amendment Petition and the matter was placed before the Town of Johnston Planning Board on its agenda for its meeting to be held on June 3, 2003.

5. On that date, the Planning Board determined that materials submitted were unacceptable and needed greater detail at that stage of the review.

6. On September 2, 2003, the Planning Board was still not satisfied with the application submitted by the plaintiff Charda Properties. They determined that the application was significantly incomplete and missing many details that would be required in order to have a meaningful hearing. *See Exhibit A, Planning Board Minutes, September 2, 2003 at 2.*

7. The matter was continued to the next hearing date so that the applicant could meet with the Town Planner to discuss what was needed in the application. This Zoning Change Petition did not come before the Planning Board, again.

8. On January 8, 2004, the plaintiffs filed a Comprehensive Permit Application ("CPA") which was for low income and affordable housing in place of their original plan for high-end condominiums.

9. The Planning Board discussed this application at its meeting held on February 3, 2004. In its Minutes, the Planning Board noted the following:

> "These large scale site development proposals [the other being "The Groves"] require a waiver of practically all the subdivision regulations. In understanding how long this type of review would take, Chairman Riccio recommends establishment of a technical review committee as outlined in the Subdivision Regulations used by the Zoning Board during their deliberations of these applications." *See Attached Exhibit B, Planning Board Minutes, February 3, 2004 at 4.*

10. R.I.G.L. § 45-53-4 states that the Board's review of Comprehensive Permit Applications must be completed within thirty (30) days of receipt of the application or is otherwise automatically granted.

11. The defendants submit that the plaintiff consented to an extension of this thirty (30) day period by and through the representations of Plaintiff Iascone to the date of February 26, 2004. The plaintiff contends that it did not consent to any extension in accord with R.I.G.L. § 45-53-4.

12. Nevertheless, the plaintiff's application was placed on the Zoning Board agenda for February 26, 2004. Neither plaintiff attended this meeting and both contend they did not receive notice of it. In any event, at the beginning of the meeting, the application was called and the Chairman noted that regardless of the lack of attendance, a State moratorium had gone into effect precluding the Board from granting the CPA. <u>See</u> *P.L. 2004, Ch. 4, S2139 (January 22, 2004).*

13. On March 1, 2004, the plaintiff Charda Properties filed a complaint for declaratory relief and a prerogative Writ of Mandamus in Providence County Superior Court (C.A. No. 04-1084), requesting a writ of mandamus from the Superior Court ordering the defendants to issue the appropriate permits and licenses in order for plaintiff to construct 144 condominium units based on the alleged violation of the thirty (30) day time limit.

14. On November 29, 2005, Judge Fortunato granted Charda Properties, LLC's Writ of Mandamus stating, in part:

> "….directing that the defendants forthwith issue appropriate permits and licenses, authorizing the plaintiff to construct 144 condominium units (29 of which will be low and moderate income housing units), to be called "the Pines Condominiums" as described in the plaintiff's comprehensive permit application under R.I.G.L. 45-53 as filed with the defendants on or about January 8, 2004, respecting real estate described as comprising Assessor's Plat 55, Lots 24, 64 and 75 at or in the vicinity of 55-64 Greenville Avenue, Johnston, RI, all in accordance with the plaintiff's application for the same and the relief demanded in the plaintiff's complaint." <u>See</u> *Order (November 29, 2004) (Exhibit C).*

15. On December 19, 2005, the defendants filed a notice of appeal with the Rhode Island Supreme Court regarding Judge Fortunato's decision.

Defendants,
By their attorney,

/s/ Marc DeSisto
Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that this document has been filed electronically on September 5, 2007, and is available for viewing and downloading from the ECF system.

John B. Reilly, Esq. (#1811)
JOHN REILLY & ASSOCIATES
Suite 330 - Summit West
300 Centerville Road
Warwick, RI 02886

Alden C. Harrington, Esq.
BOYAJIAN HARRINGTON & RICHARDSON
182 Waterman Street
Providence, RI 02906

/s/ Marc DeSisto