UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHARDA PROPERTIES, LLC
and DAVID IASCONE
Plaintiffs

v. C.A. No.: 06- 117 ML

TOWN OF JOHNSTON, et al.,
Defendants

**CONSENTED TO MOTION**
**OF PLAINTIFF, CHARDA PROPERTIES, LLC,**
**TO FURTHER ENLARGE THE TIME WITHIN WHICH IT MAY RESPOND**
**(IF NECESSARY)**
**TO SUMMARY JUDGMENT MOTION AND**
**RELATED PLEADINGS OF DEFENDANTS**

Plaintiff, Charda Properties, LLC ("Charda") hereby moves, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, for the entry of an order further enlarging the time for it to respond (if necessary) to the Summary Judgment motion and related pleadings filed by Defendants on dated and served on or about September 5, 2007 (Documents 22 and 23).

In support of this request, Charda avers that both it and its attorney of record have been and remain under the belief that all matters relating to the claims of Charda (both in this court and in the Supreme Court of the State of Rhode Island) have been settled, pending completion of some rather complicated written documentation of the resolution of such matters and the project that will eventually be constructed by Charda in the Town of Johnston. (See copy of letter confirming approval of settlement from Town Solicitor previously furnished).

This has been and continues to be a lengthy process, and has included a meeting with engineers and certain Town officials on Tuesday, September 25, 2007 to address certain questions associated with this process. Subsequent to that meeting, Charda's attorney has forwarded proposed settlement documentation to the Town Solicitor on November 15, 2007 and

December 13, 2007. Your undersigned counsel has sent a follow-up letter in that regard, a copy of which was forwarded to the Court previously.

The Town Solicitor has informed Charda's attorney that the Town's Department of Public Works has reviewed the draft settlement documentation, but indicates that although he still believes that settlement should likely be concluded soon and that the details were 90% concluded, but indicates that an issue involving an amendment to the Facilities Plan that was proposed by the Narragansett Bay Commission may not be feasible. This has required Charda to attempt to re-contact the appropriate individual(s) at the Narragansett Bay Commission since this project involves an extension of a sewer line along a state highway. The Narragansett Bay officials have not yet been reached and your undersigned counsel for the plaintiff is court excused for vacation purposes during the week ahead.

On Tuesday, February 19, 2008, the parties appeared before a Judge of the Rhode Island Supreme Court and advised that Court of the foregoing. It was ordered that the Town furnish briefs within ninety (90) days and the Court encouraged the parties to settle all of these cases. Thus it seems most appropriate to allow this process.

Counsel for the Plaintiff also requests a status conference with the Court. This would most likely be of assistance to all concerned since the settlement discussions are not yet appropriate to be publically revealed and/or filed with an electronic filing.

Charda's attorney has conferred with defense counsel, and has been advised that he CONSENTS to this motion.

**WHEREFORE,** Charda respectfully requests that the court enlarge the time for it to respond to defendants' summary judgment motion (if necessary and if a dismissal stipulation has not been filed) up to and including April 28, 2008.

Charda Properties, LLC
By its Attorney,

*/s/ John B. Reilly*_______________
John B. Reilly (#1811)
John Reilly & Associates
100 North Main Street, 4th Floor
Providence, Rhode Island 02903
tel: (401) 272-2800
fax: (401) 272-2811

## CERTIFICATION

I hereby certify that a copy of the within document production motion has been forwarded via ECF to **Marc DeSisto, Esq.**, DeSisto Law, 211 Angell Street, P.O. Box 2563, Providence, Rhode Island 02906, and to **Alden C. Harrington, Esq.**, 182 Waterman Street, Providence, R.I. 02906, this 22nd day of February 2008.

*/s/ John B. Reilly*_______________